UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BURRIOLA,<br><br>    Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | 3:07-CV-102 JCM (VPC)<br><br>Date:    N/A<br>Time:    N/A |

**ORDER**

Presently before this court are the report and recommendation of U.S. Magistrate Judge Valerie P. Cooke (Doc. #151), filed on February 8, 2010. Although the court granted plaintiff's motion to extend time to file objections to the report and recommendation, plaintiff did not timely file an objection.

The magistrate judge allowed plaintiff to proceed on counts one, two, four, five, six, and seven. The court dismissed plaintiff's counts three and eight. The magistrate judge addressed the defendants' motion for summary judgment (#128), the plaintiff's motion for summary judgment (#120), motion to supplement pleadings (#139), and "motion pursuant to Rule 60" (#138).

The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where reasonable minds could differ on the material facts at issue, however, the court should not grant summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

**James C. Mahan**
**U.S. District Judge**

### First Count

In count one, plaintiff alleges unlawful retaliation. A viable claim of First Amendment retaliation contains five factors: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68, (9th Cir. 2005).

Plaintiff claims defendants destroyed his typewriter to retaliate against plaintiff for filing lawsuits. Although plaintiff has engaged in extensive protected activity and witnessed the typewriter's destruction, the magistrate judge found that plaintiff provided no evidence to show the destruction occurred *because of* plaintiff's litigations. The plaintiff notes his prison file calls him a "litigator," but he presents no evidence indicating the guard who destroyed the typewriter was a defendant, or even aware of the note in the prison file.

### Second Count

Plaintiff's claims within count two allege prison regulation Administrative Regulation 711.08 § 1.9 ("AR 711") violated his free exercise of religion, his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et. seq.* (RLUIPA), and due process.

When a prison regulation impinges on inmates' constitutional rights, "the regulation is valid if it is reasonably related to legitimate penological interests," which the court determines by balancing four interests. *Shakur v. Shriro*, 514 F.3d 878, 883-884 (9th Cir. 2008) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987))

The first interest is whether there is a valid, rational connection between the regulation and the interest put forward to justify it. *Turner*, 482 U.S. at 89. Plaintiff, a Jehovah's Witness, alleges prison regulation AR 711, which limits to ten the number of magazines a prisoner can have, violates his free exercise because his religion mandates that he distribute religious magazines. Defendants point to the cost and administrative burden of allowing prisoners an unlimited amount of magazines, as well as the likelihood of bartering among prisoners if allowed unlimited magazines. The first factor thus favors defendants.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Second is whether the prisoners have alternative means of exercising the impinged-upon
2  right. *Id.* at 90. The plaintiff is fully capable of ordering more magazines after he disperses his
3  allotted ten, so the second factor favors defendants.

4    Third, the court considers the impact accommodating the asserted constitutional right will
5  have on guards and other inmates, and on the allocation of the prison resources generally. *Id.*
6  Accommodating plaintiff would result in accommodating all inmates. Because this would in turn
7  place burdens on the prison with respect to safety, time, and resources, the third factor also favors
8  defendants.

9    Fourth, the court determines whether there are any alternatives to achieve the government
10 interest. *Id.* While plaintiff argues the prison could alternatively achieve its interests by limiting
11 prisoners' magazines by weight, the defendants reiterate that unlimited possession of a single item
12 could lead to bartering and inmate exploitation regardless of weight. The fourth factor also favors
13 defendants. Thus, the magistrate judge found that AR 711 is reasonably related to legitimate
14 penological interests.

15   Plaintiff also alleges AR 711 violates his rights under the Religious Land Use and
16 Institutionalized Persons Act (RLUIP), which provides in the relevant part that no government "shall
17 impose a substantial burden on the religious exercise of a person...confined to an institution...". 42
18 U.S.C. § 2000cc-1(a). A burden is substantial under RLUIPA when it "denies [an important benefit]
19 because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent
20 to modify his behavior and to violate his beliefs." *Shakur*, 514 F.3d at 888 (quoting *Thomas v.*
21 *Review Bd. of the Ind. Employment Sec. Div.*, 450 U.S. 707, 717-18 (1981)).

22   Here, the magistrate judge found plaintiff failed to show the government imposed a
23 substantial burden on his religious exercise, which is fatal to his RLUIPA claim. While plaintiff's
24 religion mandates he distribute proselytizing magazines, plaintiff presents no evidence that his belief
25 requires distribution of more than ten magazines at a time. Neither does plaintiff present any
26 evidence showing the regulation has curtailed in any way his ability to distribute magazines.

27   Finally, plaintiff alleges the confiscation of his magazines constituted a violation of due
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  process. Three kinds of § 1983 claims may be brought against the state: (1) infringement of specific
2  protections defined in the bill of rights and incorporated by the due process clause; (2) arbitrary,
3  wrongful government action that violates substantive due process; and (3) violation of procedural
4  due process. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Where a plaintiff challenges executive
5  action under the substantive component of the Due Process Clause, the question is if the action
6  shocks the judicial conscience. *County of Sacramento v. Lewis,* 523 U.S. 833, 846-47 (1998).

7  The magistrate judge found that AR 711 does not impermissibly infringe on plaintiff's
8  incorporated free exercise rights, as the *Turner* analysis above demonstrates. The court finds that
9  limiting a prisoner's possession of magazines to ten does not shock the judicial conscience, and the
10 plaintiff states no claim for lack of procedural safeguards.

                                        Fourth Count

12 Plaintiff's claims within count four allege that the Nevada Department of Correction (NDOC)
13 regulations violated his right of access to the courts. The state must provide access to an adequate
14 law library or the assistance of persons with legal training. *Bounds v. Smith*, 430 U.S. 817, 828
15 (1977). The right of access to the courts "guarantees no particular methodology but rather the
16 conferral of...the capability of bringing contemplated challenges to sentences or conditions of
17 confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). An inmate must show
18 that a violation of his right to access the courts caused him actual injury. *Id.* at 362.

19 Here, plaintiff alleges that NDOC's substitution of physical access to legal materials with a
20 "paging system" violates his right of access to the courts. The magistrate judge found plaintiff failed
21 to demonstrate actual injury. Plaintiff's claim for review of agency regulations is not related to
22 plaintiff's conviction, sentence, or conditions of confinement. Inability to challenge an NDOC
23 regulation does not constitute "actual injury." Moreover, Nevada Revised Statutes ("NRS") §
24 233B.130.2(c), requires any party aggrieved by an administrative proceeding to file a petition for
25 judicial review within thirty days after service of the final decision of the agency. Plaintiff did not
26 comply with NRS 233 B.130.2(c), and therefore his claim is barred.

**James C. Mahan**
**U.S. District Judge**

- 4 -

<u>Fifth, Sixth, and Seventh Counts</u>

Plaintiff's claims in counts five, six, and seven, all allege unlawful prison conditions, and are dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act (PLRA) of 1996 provides that "[n]o action shall be brought with respect to prison conditions ...by a prisoner...until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statutory language "clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Failure to exhaust is an affirmative defense under the PLRA and defendants bear the burden of raising and proving that the plaintiff has not exhausted administrative remedies.

Here, defendants raise the argument that plaintiff failed to exhaust his claims in their answer. Plaintiff argues that the PLRA does not apply because he filed the action in state court. However, the language of 42 U.S.C. § 1997e is not limited to actions filed in federal court. Although plaintiff amended his complaint on April 26, 2007, he commenced the action by filing his initial complaint on January 30, 2007. Plaintiff did not exhaust his grievances concerning claims within counts five, six, and seven by January 30, 2007. Exhaustion during the pendency of the action does not pass statutory muster. *McKinney,* 311 F.3d at 1199. Therefore, the magistrate judge was correct in finding plaintiff did not adequately exhaust his administrative remedies.

<u>Plaintiff's second motion to extend time to file objections to the report and recommendation</u>

Plaintiff did not file a timely objection to this report and recommendation. Plaintiff previously requested the court to provide him with an additional eight weeks to file objections (Doc. #152), which the court granted (Doc. #153). Plaintiff failed to timely meet the court's extension. On May 20, 2010, three weeks after the April 30, 2010 due date, the plaintiff asked for another extension citing excusable neglect (Doc #154). In this motion for a second extension, plaintiff reiterates that he is composing briefs for two appeals, conducting discovery for a separate civil action, and litigating two other civil actions. However, eight weeks is a sufficient extension for plaintiff to file his objections, and additional time is unnecessary and inexcusable.

**James C. Mahan**
**U.S. District Judge**

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the report and
2 recommendation of United States Magistrate Judge Valerie P. Cooke (Doc. #151) be AFFIRMED
3 in its entirety.

4    IT IS FURTHER ORDERED that defendants' motion for summary judgment (Doc. #128)
5 be GRANTED as to counts one, two, and four.

6    IT IS FURTHER ORDERED that all claims within counts five, six, and seven be
7 DISMISSED without prejudice for failure to exhaust administrative remedies.

8    IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings/summary
9 judgment (Doc. #120) be DENIED.

10    IT IS FURTHER ORDERED that plaintiff's motion to supplement pleadings (Doc. #139)
11 be DENIED as moot.

12    IT IS FURTHER ORDERED that plaintiff's motion pursuant to Rule 60 (Doc. #138) be
13 DENIED as moot.

14    IT IS FURTHER ORDERED that plaintiff's motion to extend time to file objections to the
15 report and recommendation (Doc. #154) be DENIED.

16    DATED this 8th day of June, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -