1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9

10

11

12

13

14

15

| | | |
|---|---|---|
| ANTHONY J. BURRIOLA, *et al.*, | ) | Case No. 3:07-CV-00102-JCM-VPC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NEVADA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

16    **I.    Background**

17        Presently before the court is the matter of *Burriola, et al. v. Nevada Dep't. of*

18 *Corrections, et al.*, case number 3:07-cv-00102-JCM-VPC.  On June 8, 2010, the court affirmed

19 the report and recommendation of United States Magistrate Judge Valerie P. Cooke in its

20 entirety, thereby granting summary judgment in favor of defendants as to counts 1, 2, and 4, and

21 dismissing counts 5-7.[1]  Doc. #156.  On January 12, 2012, the Ninth Circuit issued its

22 memorandum disposition, affirming in part, vacating in part, and remanding.  Doc. #165.  The

23 mandate of the Ninth Circuit was spread upon this court's records on February 7, 2012.  Doc.

24 #167.

25

26        [1] Magistrate Judge Cooke's report and recommendation (doc. #151) contains a full recital

27 of the factual and procedural background of this dispute.  The court incorporates that recitation into

28 the instant order.

**James C. Mahan**
**U.S. District Judge**

1    The Ninth Circuit reversed this court's grant of summary judgment as to Burriola's

2    retaliation claims arising from the confiscation of his replacement typewriter in Count 1, finding

3    that this court's ruling rested on the institution's categorical ban on typewriters, a ban that was

4    enacted *after* the confiscation of Burriola's replacement typewriter.  Accordingly, Burriola may

5    proceed on that claim.

6        The Ninth Circuit vacated this court's dismissal of counts 5-7.  The court found that

7    Burriola had failed to exhaust his administrative remedies as of the filing date of his original

8    complaint.  However, after this court's dismissal order was entered, the Ninth Circuit clarified

9    certain exhaustion requirements in *Rhodes v. Robinson (Rhodes II)*, 621 F.3d 1002 (9th Cir.

10   2010), explaining that where a plaintiff brings new claims after the filing of a lawsuit, the

11   plaintiff satisfies exhaustion requirements so long as the claims are exhausted prior to the filing

12   of an amended complaint.  *Id.* at 1005-06.  The Ninth Circuit remanded so that this court could

13   apply the holding of *Rhodes II*, to determine whether counts 5-7 were properly dismissed for

14   failure to exhaust.

15       On June 27, 2012, this court ordered both parties to file supplemental briefs regarding

16   their positions on the applicability of *Rhodes II* to the facts of the instant case by August 5, 2012.

17   (Doc. #170).  Burriola filed a "Motion – Praecipe for Remedy Pursuant to the UCC."  (Doc.

18   #173).  Construing this document broadly, as this court must, *see Haines v. Kerner*, 404 U.S.

19   519, 520 (1972) (per curiam), the court fails to find how it responds to this court's June 27, 2012,

20   order or the discussion of *Rhodes II* contained in the Ninth Circuit's memorandum disposition.

21   The government's supplemental brief argues that *Rhodes II* does little, if anything, to alter the

22   result in this court's original dismissal order.

23   **II.    Discussion**

24       The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to

25   provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of

26   this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

27   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Although once within the discretion of the district court, the exhaustion of administrative

2    remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001).  Those remedies "need

3    not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter v. Nussle*,

4    534 U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40 n.5.  Even when the prisoner seeks

5    remedies not available in the administrative proceedings, notably money damages, exhaustion is

6    still required prior to filing suit.  *Booth*, 532 U.S. at 741.  Recent case law demonstrates that the

7    Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility

8    or other exceptions into statutory exhaustion requirements where Congress has provided

9    otherwise").

10    Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit.

11    The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the

12    agency holds out, and doing so *properly* (so that the agency addresses the merits)."  *Woodford v.*

13    *Ngo*, 548 U.S. 81, 89 (2006); *see, e.g., Jones v . Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev.

14    2006) ( "proper exhaustion" consists of fully addressing the grievance on the merits and

15    complying with all critical procedural rules and deadlines).

16    In *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002), the Ninth Circuit held that the

17    "language [of section 1997e(a)] clearly contemplates exhaustion *prior to the commencement of*

18    *the action* as an indispensable requirement."  *Id.* at 1199 (quoting *Medina-Claudio v. Rodriguez-*

19    *Mateo*, 292 F.3d 31 (1st Cir. 2002).  The court went on to explain that requiring exhaustion prior

20    to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*,

21    534 U.S. 516, 524-25. *See id.* at 1200.

22    This standard was recently clarified by the Ninth Circuit's *Rhodes II* decision.  In *Rhodes*

23    *II*, the question before the Ninth Circuit was whether administrative remedies were properly

24    exhausted within the requirements of the PLRA when exhaustion of new claims is completed

25    after an action is commenced, but prior to the filing of an amended or supplemental complaint.

26    *Rhodes II*, 621 F.3d at 1003-04.  The Ninth Circuit held that the exhaustion of new claims

27    satisfies the requirements of the PLRA as long as exhaustion is completed prior to the filing of an

28    amended complaint. *Id*. at 1005-1006.

James C. Mahan
U.S. District Judge

- 3 -

1    In this case, the court adopted the magistrate's finding that:

2         Plaintiff's grievances concerning claims within counts V, VI, and VII
          were not exhausted by the operative date, i.e. the date of the
3         commencement of the civil action, January 30, 2007.  Exhaustion
          during the pendency of the action does not satisfy § 1997e.  *See*
4         *Mckinney*, 311 F.3d at 1199.  Defendants provide a printout of
          plaintiff's grievances from May 2006 through December 31, 2007
5         (#128), Ex M-1), the authenticity of which is provided for by Mr. Don
          Helling, Northern Deputy Director for the NDOC.  *Id.* ex. M.  In
6         opposition to defendants' claim, plaintiff presents his grievances to the
          court.   However,  none  of  plaintiff's  grievances  evidence  the
7         exhaustion of the grievance process prior to filing suit.

8    Doc. #151, 8:26-9:5.  This court relied on *McKinney* to set the operative date for

9    exhaustion as January, 30, 2007, as that was the date the action was commenced.  *Rhodes II* has

10   clarified the *McKinney* standard, indicating that the operative date should be the date the

11   amended complaint is filed.  On these facts, this means that the claims must be exhausted as of

12   April 18, 2007, when Burriola's filed an amended complaint.  *See* Doc. #11.

13       Applying *Rhodes II* to the court's analysis indicates that only one of Burriola's claims

14   were exhausted prior to April 18, 2007.  As previously found by the magistrate, and affirmed by

15   this court, Burriola's claim that mail he received from Marla Polson should have been treated as

16   legal mail, and its seizure constituted retaliatory action, was exhausted on March 29, 2007.  *See*

17   Doc. #151, fn. 7.  No grievances relating to the charges in count 6 were filed by April 18, 2007,

18   and the grievances relating to the charges in count 7 were not properly exhausted until June,

19   2007.

20   **III.    Conclusion**

21       In light of the foregoing, the court finds it appropriate to reinstate Burriola's claims in

22   count 5 relating to mail he received from Marla Polson and the institution's seizure of such mail.

23   Therefore, the claims arising from grievance #2007-4-801 are hereby reinstated.

24   / / /

25   / / /

26   / / /

27   / / /

28

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

1    The court does not accept the government's invitation to reopen the motion for summary

2    judgment and consider the substantive arguments previously made against this claim.  The court

3    will, however, grant the government leave to file a motion for summary judgment on this claim

4    so that it can hear Burriola's arguments in response and then determine whether a genuine issue

5    of material fact exists for trial.

6    IT IS SO ORDERED.

7    DATED this 10TH day of August, 2012.

8

9

10   _____
     **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28